FILED COPY

2013 JUL 10 PM 2: 52

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

1  GRADSTEIN & MARZANO, P.C.
2  HENRY GRADSTEIN (State Bar No. 89747)
   hgradstein@gradstein.com
3  MARYANN R. MARZANO (State Bar No. 96867)
4  mmarzano@gradstein.com
   ROBERT E. ALLEN (State Bar No. 166589)
5  rallen@gradstein.com
6  6310 San Vicente Blvd., Suite 510
   Los Angeles, California 90048
7  Telephone: 323-776-3100
   Facsimile:  323-931-4990
8
9  Attorneys for Plaintiff
   ROLAN SEYMOUR FELD
10
11
12          UNITED STATES DISTRICT COURT
13     FOR THE CENTRAL DISTRICT OF CALIFORNIA
14              WESTERN DIVISION

15  ROLAN SEYMOUR FELD, an          Case No. CV13-04946 - FMO(FFMx)
    individual,
16
                                    COMPLAINT FOR:
17          Plaintiff,
                                    (1) DIRECT COPYRIGHT
18       v.                             INFRINGEMENT;
                                    (2) CONTRIBUTORY
19  WESTMINSTER MUSIC LIMITED, a        COPYRIGHT
    United Kingdom limited company;      INFRINGEMENT;
20  ESSEX MUSIC INTERNATIONAL,      (3) VICARIOUS COPYRIGHT
    INC., a New York corporation; and    INFRINGEMENT;
21  DOES 1 through 100,             (4) DECLARATORY AND
                                        INJUNCTIVE RELIEF;
22          Defendants.             (5) CONVERSION;
                                    (6) IMPOSITION OF A
23                                      CONSTRUCTIVE TRUST; and
                                    (7) AN ACCOUNTING
24
25                                 DEMAND FOR TRIAL BY JURY
26
27
28
                                                    COMPLAINT

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd., Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

1  Plaintiff ROLAN SEYMOUR FELD ("Plaintiff") alleges against Defendants

2  WESTMINSTER MUSIC LIMITED, ESSEX MUSIC INTERNATIONAL, INC.

3  and Does 1-100 (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

5  1.    This is an action for the willful infringement by Defendants of the

6  copyrights in musical compositions exclusively owned and controlled by Plaintiff,

7  for declaratory relief to quiet title to Plaintiff's ownership rights to such copyrights,

8  for injunctive relief against the Defendants from continuing their infringing

9  activities with respect to such copyrights, for conversion of Plaintiff's income from

10  derivative works of such copyrights, for the imposition of a constructive trust

11  against Defendants and for an accounting.

**JURISDICTION AND VENUE**

13  2.    The Court has subject matter jurisdiction over the claims asserted in this

14  action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 as such arise under the

15  copyright laws of the United States, 17 U.S.C. § 101, *et seq.*

16  3.    Venue of this action is proper in this District pursuant to 28 U.S.C. §§

17  1391(b) and 1400(a) as a substantial part of the events giving rise to the claim

18  occurred in this District.

**THE PARTIES**

20  4.    Plaintiff is an individual who is a citizen and resident of the State of

21  California, County of Los Angeles.

22  5.    Upon information and belief, Defendant WESTMINSTER MUSIC

23  LIMITED ("Westminster") is a United Kingdom private company that has its

24  principal place of business in London, England.

25  6.    Upon information and belief, Defendant ESSEX MUSIC

26  INTERNATIONAL, INC. ("Essex") is a New York corporation that has its

27  principal place of business in New York, New York, and is Westminster's agent in

28  the United States.

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

COMPLAINT

7.    The true names and capacities of the Defendants named herein as Does 1 through 100, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when such have been ascertained.  Upon information and belief, each of the fictitiously named Defendants herein is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by such Defendants' acts or omissions.

8.    Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, Does 1-100 were the co-conspirators, licensees, retail distributors, agents and/or employees of Defendants in committing copyright infringement, breach of fiduciary duties and conversion as alleged below.  In committing the acts described below, Defendants and each Doe Defendant was acting within the course and scope of such conspiracy, license, retail distribution, agency and/or employment, and with the knowledge, consent and ratification of each of the other Defendants.

**FACTS COMMON TO ALL CLAIMS**

9.    Plaintiff is the only offspring of Marc Feld a/k/a Marc Bolan ("Marc Bolan").  (A true and correct copy of Plaintiff's birth certificate is attached hereto as Exhibit A and incorporated herein by reference).

10.    Marc Bolan was an English singer-songwriter, guitarist and poet, best known as the frontman of the rock group professionally known as "T.Rex."  Marc Bolan died on September 16, 1977.  (A true and correct copy of Marc Bolan's death certificate is attached hereto as Exhibit B and incorporated herein by reference).

11.    On October 28, 1968, Marc Bolan entered into an agreement with Westminster (the "Publishing Agreement").  (A true and correct copy of the Publishing Agreement is attached hereto as Exhibit C and incorporated herein by reference).  Plaintiff is informed and believes and on that basis alleges that Westminster changed its name from Essex Music International Limited in 1981.

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

2                    COMPLAINT

12. Pursuant to the Publishing Agreement, Marc Bolan transferred to Westminster the copyright and all other rights throughout the world in and to musical compositions previously written by Marc Bolan or written by Marc Bolan during the term of the Publishing Agreement (excluding, as per the Addendum to the Publishing Agreement, certain musical compositions to be assigned to Lupus Music Limited) (the "Publishing Agreement Compositions").

13. The initial term of the Publishing Agreement was for one (1) year, commencing on October 28, 1968. Pursuant to the terms of the Publishing Agreement, Westminster had two (2) options (the "First Option" and "Second Option"), each to extend the term of the Publishing Agreement for one (1) additional year.

14. Plaintiff is informed and believes, and on that basis alleges, that Westminster never timely provided Marc Bolan written notice of Westminster's election to extend the term of the Publishing Agreement for either the First Option or the Second Option. Accordingly, the list of all of the Publishing Agreement Compositions are specified on the attached Exhibit D, a copy of which is attached hereto and incorporated herein.

15. Notwithstanding the fact that the Publishing Agreement Compositions represent all of the musical compositions subject to the Publishing Agreement, Defendants additionally claim that the musical compositions specified on the attached Exhibit E (a copy of which is attached hereto and incorporated herein) are also subject to the Publishing Agreement and have asserted copyright ownership and exclusive administration rights therein (the "Claimed Publishing Agreement Compositions"). The Publishing Agreement Compositions and the Claimed Publishing Agreement Compositions are individually and collectively referred to as the "Compositions."

///
///

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

3                                                    COMPLAINT

1    16.   Regardless of the expiration date of the Publishing Agreement, all of the

2  Compositions were written and first published prior to January 1, 1978.

3    17.   The copyright in works subject to copyright (including musical works)

4  written prior to January 1, 1978 are subject to the terms of 17 U.S.C. § 304(a),

5  which provide that the term of copyright for such works is divided into an initial

6  term of twenty eight (28) years and a renewed and extended term of a further sixty-

7  seven (67) years.  A grant by an author of the renewed and extended term is,

8  however, a contingent interest, and a party receiving such interest has an expectancy

9  interest only, under the holding of *Stewart v. Abend,* 495 U.S. 207, 219-220 (1990).

10 If the author of such work dies prior to the vesting of the renewed and extended

11 term, then such renewed and extended term of copyright for such work vests

12 automatically as a matter of law in the statutory heirs of such author, free and clear

13 of all claims founded upon an assignment made by the author during his/his lifetime,

14 under the holding of *Stewart v. Abend, supra* and *Miller Music Corp. v. Charles N.*

15 *Daniels, Inc.,* 362 U.S. 373, 375, 378 (1960).

16    18.   Marc Bolan died prior to the expiration of the initial term of copyright in

17 each of the Compositions.

18    19.   The renewed and extended term of copyright in each of the

19 Compositions vested automatically in Plaintiff, as the sole child and heir of Marc

20 Bolan, immediately upon the expiration of the initial term of copyright.  17 U.S.C. §

21 304(a)(1)(C)(ii).

22    20.   Plaintiff may register with the Copyright Office Plaintiff's claim to the

23 renewed and extended term of copyright in and to each of the Compositions *at any*

24 *time* during the renewed and extended term.  17 U.S.C. § 304(a)(3)(A)(ii).  In fact,

25 the renewal in the heir is automatic, and formal registration is not required.  17

26 U.S.C. § 304(a)(2)(B).

27    21.   Notwithstanding the death of Marc Bolan prior to the vesting of the

28 renewed and extended term and Defendants' knowledge thereof, Defendants

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

4                                                    **COMPLAINT**

1  continued to claim ownership of and administer the Compositions in the United

2  States after the expiration of the initial term of copyright in and to each of the

3  Compositions.

4       22.   Defendants knew or should have known that their rights in the United

5  States to each of the Compositions expired at the end of the applicable initial term of

6  copyright as a result of Marc Bolan's death as aforesaid.

7       23.   Defendants knew or should have known that Plaintiff was the rightful

8  owner of the United States renewed and extended term of the copyright in and to

9  each of the Compositions.

10       24.   Despite knowing that such rights had expired and that Plaintiff was the

11  rightful owner thereof, Defendants willfully continued to assert ownership of the

12  Compositions in the United States, and to reproduce, distribute, perform, license and

13  otherwise exploit the Compositions and collect monies earned from the

14  reproduction, distribution, performance, license and other exploitation of the

15  Compositions.  Such infringing uses include, without limitation, the reproduction,

16  distribution and performance over the Internet of the Compositions (e.g.,

17  Defendants' Myspace web page provides a free full length interactive stream of the

18  Composition entitled "Bang A Gong Get It On" at

19  https://myspace.com/troessexmusic/music/song/bang-a-gong-get-it-on-11846193-

20  11647377.

21       25.   In an attempt to cover up their conduct and mislead the public as to the

22  true owner and administrator of the United States copyright in and to each of the

23  Compositions, Defendants falsely registered with the Copyright Office a claim to

24  the renewed and extended term of copyright for each of the Compositions.  (A list of

25  the invalid renewed and extended copyright registrations of the Compositions is

26  attached hereto as Exhibit F and incorporated herein by reference).

27       26.   On September 28, 2012, Plaintiff's attorney Helen Yu sent to

28  Defendants a letter, placing them on further notice that Plaintiff was the sole owner

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

COMPLAINT

1  and exclusive administrator of all of the Compositions in the United States, and

2  requesting: (a) written confirmation from Defendants that they have updated their

3  records accordingly, (b) that Defendants provide copies of all royalty statements

4  regarding the Compositions for the last five (5) years; and (c) written confirmation

5  from Defendants that they would timely forward to Plaintiff all monies payable after

6  the date of the letter with respect to the Compositions.  (A true and correct copy of

7  Yu's September 28, 2012 letter is attached hereto as Exhibit G and incorporated

8  herein by reference).

9      27.   Despite such further notice, Defendants continued to improperly claim

10  ownership, license the Compositions for reproduction, distribution, performance and

11  other exploitation, collect monies from the reproduction, distribution, performance

12  and other exploitation of the Compositions, and did not pay Plaintiff for such

13  reproductions, distributions, performances and other exploitations.

14  **FIRST CLAIM FOR RELIEF**

15  **(For Direct Copyright Infringement Against**

16  **Defendants Westminster, Essex and Does 1-50)**

17      28.   Plaintiff hereby incorporates the allegations set forth above in

18  paragraphs 1 through 27 above, as though fully set forth herein.

19      29.   Defendants' unauthorized reproduction, performance, distribution,

20  licensing or other exploitation of the Compositions, infringes Plaintiff's exclusive

21  rights of reproduction, performance, distribution or other exploitation in such works

22  under the Copyright Act, 17 U.S.C. § 101, *et seq.*

23      30.   Each unauthorized reproduction, performance, distribution, licensing or

24  other exploitation of a Composition constitutes a separate and distinct act of

25  infringement.

26      31.   Defendants' conduct has been and continues to be intentional, willful

27  and with full knowledge of Plaintiff's copyrights in the Compositions and the

28  infringement thereof.

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

6

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE 323-776-3100

1    32.   The foregoing acts constitute direct infringement of Plaintiff's

2   Compositions.

3    33.   Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of

4   Defendants' direct infringement of Plaintiff's copyrights, Plaintiff is entitled to

5   recover up to $150,000 in statutory damages for each Composition infringed.

6   Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall

7   be entitled to his actual damages, including Defendants' profits from infringement,

8   as will be proven at trial.

9    34.   Plaintiff is also entitled to recover his attorney's fees and costs pursuant

10   to 17 U.S.C. § 505 and prejudgment interest according to law.

11    35.   Defendants are causing, and unless enjoined by the Court, will continue

12   to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at

13   law.  Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the

14   continued infringement of his Compositions and an order under 17 U.S.C. § 503

15   directing the impoundment, destruction or other reasonable disposition of all

16   infringing phonorecords and copies of such Compositions.

17                    **SECOND CLAIM FOR RELIEF**

18              **(For Contributory Copyright Infringement Against**

19                **Defendants Westminster, Essex and Does 26-75)**

20    36.   Plaintiff hereby incorporates the allegations set forth above in

21   paragraphs 1 through 27 above, as though fully set forth herein.

22    37.   Through its conduct alleged herein, Defendants knowingly and

23   systematically induced, caused, materially contributed to and participated in the

24   infringing reproduction, performance, distribution or other exploitation of Plaintiff's

25   Compositions by its licensees.

26    38.   Each unauthorized reproduction, performance, distribution or other

27   exploitation of a Composition constitutes a separate and distinct act of infringement.

28   / / /

                                        7                              COMPLAINT

39.   Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's copyrights in the Compositions and the infringement thereof.

40.   The foregoing acts constitute contributory infringement of Plaintiff's Compositions.

41.   Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyrights, Plaintiff is entitled to recover up to $150,000 in statutory damages for each Composition infringed. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages, including Defendants' profits from infringement, as will be proven at trial.

42.   Plaintiff is also entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

43.   Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law.  Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued infringement of his Compositions and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing phonorecords and copies of such Compositions.

## THIRD CLAIM FOR RELIEF

### (For Vicarious Copyright Infringement Against
### Defendants Westminster, Essex and Does 26-75)

44.   Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 27 above, as though fully set forth herein.

45.   Through its conduct alleged herein, Defendants have had the right and ability to control the infringing reproduction, performance, distribution or other exploitation of Plaintiff's Compositions by its licensees.

///

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD., SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

8

COMPLAINT

46.   Defendants received and continue to receive a direct financial benefit from the infringing reproduction, performance, distribution or other exploitation of Plaintiff's Compositions by its licensees.

47.   Each unauthorized reproduction, performance, distribution or other exploitation of a Composition constitutes a separate and distinct act of infringement.

48.   Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's copyrights in the Compositions and the infringement thereof.

49.   The foregoing acts constitute vicarious infringement of Plaintiff's Compositions.

50.   Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to recover up to $150,000 in statutory damages for each Composition infringed. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages, including Defendants' profits from infringement, as will be proven at trial.

51.   Plaintiff is also entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

52.   Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law.  Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued infringement of his Compositions and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing phonorecords and copies of such Compositions.

## FOURTH CLAIM FOR RELIEF

### (For Declaratory and Injunctive Relief against all Defendants)

53.   Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 27 above, as though fully set forth herein.

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

9

COMPLAINT

54. An actual controversy has arisen and now exists between Plaintiff and the Defendants concerning their respective rights in and to the Compositions.

55. Plaintiff contends that he is the sole owner of the renewed and extended term of copyright in the United States in and to each of the Compositions. Plaintiff is informed and believes, and alleges thereon, that Defendants dispute such contentions.

56. Plaintiff contends that during the renewed and extended term of copyright, he is the sole and exclusive administrator of the Compositions in the United States. Plaintiff is informed and believes, and thereon alleges, that Defendants dispute such contentions.

57. Plaintiff contends that he has the sole and exclusive right to collect all monies earned from the reproduction, performance, distribution, licensing or other exploitation of the Compositions in the United States during the renewed and extended term of copyright. Plaintiff is informed and believes, and thereon alleges, that Defendants dispute such contentions.

58. Plaintiff further contends that he is entitled to collect all monies earned in the United States from derivative works embodying the Compositions created during the initial term of copyright pursuant to 17 U.S.C. 304(a)(4)(A). Without limiting the generality of the foregoing, Plaintiff further contends that all derivative works embodying the Claimed Publishing Agreement Compositions created during the initial term of copyright infringe upon the copyrights therein because no rights therein were ever transferred to Defendants. Plaintiff is informed and believes, and thereon alleges, that Defendants dispute such contentions.

59. Plaintiff further contends that he is entitled to collect all monies earned in the United States from derivative works embodying the Compositions created during the renewed and extended term of copyright pursuant to 17 U.S.C. 304(a)(4)(A). Without limiting the generality of the foregoing, Plaintiff further contends that all derivative works embodying the Compositions that were created

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

COMPLAINT

1  during the renewed and extended term of copyright infringe upon the copyrights
2  therein because no rights therein were ever transferred by Plaintiff to any other party
3  including, without limitation, the Defendants.  Plaintiff is informed and believes,
4  and thereon alleges, that Defendants dispute such contentions.

5      60.   Plaintiff desires a judicial determination of the rights of the parties in
6  accordance with his alleged contentions.  A judicial determination is necessary and
7  appropriate at this time in order to ascertain the rights and duties of the parties to
8  one another and to resolve issues of ownership of the Compositions.

9      61.   Defendants' conduct is causing, and unless enjoined and restrained by
10  this Court, will continue to cause great and irreparable injury to Plaintiff that cannot
11  fully be compensated or measured in money.  Plaintiff has no adequate remedy at
12  law.  Plaintiff is entitled to a temporary protective order and preliminary and
13  permanent injunctions, prohibiting Defendants and their agents, employees,
14  attorneys and all persons or entities acting in concert or participation with them
15  from:  (a) denying that Plaintiff is the sole owner of the renewed and extended term
16  of copyright in the United States in and to each of the Compositions; (b) alleging
17  that Defendants have any right, title or interest in and to the Claimed Publishing
18  Agreement Compositions; (c) denying that Plaintiff is the sole and exclusive
19  administrator of the Compositions in the United States; and (d) denying that Plaintiff
20  has the sole and exclusive right to collect all monies earned by the Compositions in
21  the United States, including, without limitation, from any derivative work of the
22  Compositions created during the initial term of copyright or during the renewed and
23  extended term of copyright.

24                    **FIFTH CLAIM FOR RELIEF**
25            **(Conversion Against Defendant Essex and Does 76-100)**
26      62.   Plaintiff hereby incorporates the allegations set forth above in
27  paragraphs 1 through 27 above, as though fully set forth herein.
28      63.   Plaintiff's property includes, without limitation, the right to collect all

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD., SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

1    income earned in the United States from any derivative work of the Compositions

2    created during the initial term of copyright (the "Initial Term Monies").

3        64.   Defendants wrongfully converted this property when they continued to

4    collect the Initial Term Monies and not pay all of such monies to Plaintiff.

5        65.   As a direct and proximate consequence thereof, Plaintiff has been

6    damaged in an amount that is not as yet fully ascertained but which Plaintiff

7    believes exceeds $2,000,000, according to proof at trial.

8        66.   Plaintiff is informed and believes, and based thereon alleges, that in

9    engaging in the conversion as described above, Defendants acted with oppression,

10   fraud and/or malice.  The conduct of Defendants has been despicable and

11   undertaken intentionally and in conscious disregard of Plaintiff's rights.

12   Accordingly, Plaintiff is entitled to an award of punitive damages against

13   Defendants, and each of them, in an amount sufficient to punish and make an

14   example of them.

15                    **SIXTH CLAIM FOR RELIEF**

16   **(Imposition of Constructive Trust Against Defendant Essex and Does 76-100)**

17       67.   Plaintiff hereby incorporates the allegations set forth above in

18   paragraphs 1 through 27 above, as though fully set forth herein.

19       68.   By virtue of Defendants' conversion of Plaintiff's assets as alleged

20   above, Defendants hold such assets, including the proceeds therefrom, in a

21   constructive trust for the benefit of Plaintiff.

22       69.   Any transfer by Defendants of Plaintiff's assets will result in irreparable

23   injury to Plaintiff that would otherwise not be fully compensable in damages, and

24   Plaintiff is therefore entitled to a preliminary and permanent injunction prohibiting

25   same.

26                   **SEVENTH CLAIM FOR RELIEF**

27     **(For an Accounting Against Defendant Essex and Does 76-100)**

28       70.   Plaintiff hereby incorporates the allegations set forth above in

COMPLAINT

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

paragraphs 1 through 27 above, as though set forth in full herein.

71. Pursuant to Defendants' duties owing to Plaintiff, Defendants are required to account properly to Plaintiff in connection with the Initial Term Monies that Defendants have collected on Plaintiff's behalf from the inception of the renewed and extended term of copyright in the Compositions.

72. Defendants are in charge of, and have control of, all information necessary to determine the proper sum due Plaintiff as a result of the wrongful collection of the Initial Term Monies.

73. Plaintiff has demanded that Defendants account for all of the Renewal Term Monies and allow Plaintiff to inspect the books and records of Defendants, but Defendants have failed and refused to comply.  Accordingly, Plaintiff is entitled to an accounting from Defendants.

## **PRAYER**

WHEREFORE, Plaintiff prays for Judgment as follows:

<u>On the First Claim For Direct Copyright Infringement against Defendants Westminster, Essex and Does 1-50:</u>

1. For an award of statutory damages in an amount of up to $150,000 for each Composition infringed according to proof at the time of trial;

2. Alternatively, at Plaintiff's election, for an award of Plaintiff's actual damages, including Defendants' profit from infringement, as will be proven at trial;

3. For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

4. For a permanent injunction, prohibiting the continued infringement of copyrighted musical works owned or controlled by Plaintiff; and

5. For Plaintiff's attorney's fees and costs.

/ / /

/ / /

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

COMPLAINT

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE 323-776-3100

1    On the Second Claim For Contributory Infringement against all Defendants

2    Westminster, Essex and Does 26-75:

3       1. For an award of statutory damages in an amount of up to $150,000 for each

4         Composition infringed according to proof at the time of trial;

5       2. Alternatively, at Plaintiff's election, for an award of Plaintiff's actual

6         damages, including Defendants' profit from infringement, as will be proven at

7         trial;

8       3. For an order imposing a constructive trust over those monies obtained by

9         Defendants as a result of their violation of the Copyright Act;

10      4. For a permanent injunction, prohibiting the continued infringement of

11        copyrighted musical works owned or controlled by Plaintiff; and

12      5. For Plaintiff's attorney's fees and costs.

13   On the Third Claim For Vicarious Infringement against Defendants Westminster,

14   Essex and Does 26-75:

15      1. For an award of statutory damages in an amount of up to $150,000 for each

16        Composition infringed according to proof at the time of trial;

17      2. Alternatively, at Plaintiff's election, for an award of Plaintiff's actual

18        damages, including Defendants' profit from infringement, as will be proven at

19        trial;

20      3. For an order imposing a constructive trust over those monies obtained by

21        Defendants as a result of their violation of the Copyright Act;

22      4. For a permanent injunction, prohibiting the continued infringement of

23        copyrighted musical works owned or controlled by Plaintiff; and

24      5. For Plaintiff's attorney's fees and costs.

25   On the Fourth Claim For Declaratory and Injunctive Relief against all Defendants:

26      1. For a judicial declaration of the parties' rights relative to the Compositions as

27        alleged by Plaintiff in Paragraphs 60 and 61;

28      2. For an Order preliminarily and permanently enjoining the Defendants, and

**COMPLAINT**

any of them, and any of their officers, agents, agents, employees, and all persons acting in concert with them, temporarily and preliminarily during the pendency of this action, and permanently thereafter from:

a. Denying that Plaintiff is the sole owner of the renewed and extended term of copyright in the United States in and to each of the Compositions;

b. Alleging that Defendants have any right, title or interest in and to the Claimed Publishing Agreement Compositions;

c. Denying that Plaintiff is the sole and exclusive administrator of the Compositions in the United States; and

d. Denying that Plaintiff has the sole and exclusive right to collect all monies earned by the Compositions in the United States, including, without limitation, from any derivative work of the Composition created during the initial term of copyright or during the renewed and extended term of copyright.

On The Fifth Claim For Conversion against Defendant Essex and Does 76-100:

1. For the imposition of a constructive trust over those monies (or an equivalent amount) obtained by Defendants as a result of their conversion;

2. For compensatory damages in excess of $2,000,000, according to proof at trial; and

3. Punitive and exemplary damages according to proof trial.

On The Sixth Claim For Imposition of A Constructive Trust against Defendant Essex and Does 76-100:

1. For a declaration that Defendants hold Plaintiff's assets in constructive trust for the benefit of Plaintiff;

2. For the imposition of a constructive trust upon Defendants' assets; and

3. For a preliminary and permanent injunction enjoining the transfer of Defendants' assets.

///

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD., SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

15                                                          COMPLAINT

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

1  __On The Seventh Claim For An Accounting against Defendant Essex and Does 76-__

2  __100:__

3     1.  For an accounting establishing the amount due to Plaintiff for the wrongful

4        collection of the Initial Term Monies from the commencement of the renewed

5        and extended term of copyright in the Compositions.

6  __On All Claims For Relief:__

7     1.  For costs of suit incurred herein;

8     2.  For prejudgment interest at the legal rate; and

9     3.  For such other and further relief as the Court deems just and proper.

10

11  DATED: July 10, 2013          GRADSTEIN & MARZANO, P.C.

12                                HENRY GRADSTEIN

                              MARYANN R. MARZANO

13                                ROBERT E. ALLEN

14

15  By: _____

16                      Robert E. Allen, Of Counsel

                      Attorneys for Plaintiff

17                      ROLAN SEYMOUR FELD

18

19

20

21

22

23

24

25

26

27

28

                                        **COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff ROLAN SEYMOUR FELD demands a trial by jury of the claims alleged in this Complaint.

DATED: July 10, 2013          GRADSTEIN & MARZANO, P.C.
                                       HENRY GRADSTEIN
                                         MARYANN R. MARZANO
                                         ROBERT E. ALLEN

                       By: _____
                               Robert E. Allen, Of Counsel
                                 Attorneys for Plaintiff
                                 ROLAN SEYMOUR FELD

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD., SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

**COMPLAINT**

# EXHIBIT A

QBDY 920922

Application Number  4428995/1



**CERTIFIED COPY**          **OF AN ENTRY**

| NHS Number | KLCLD 220 | **BIRTH** | Entry No. | 220 |
|---|---|---|---|---|

**Registration district** Hampstead
**Sub-district** Hampstead        Administrative area  London Borough of Camden

**1. Date and place of birth**  CHILD   Twentysixth September 1978
12 Avenue Road St. John's Hood

**2. Name and surname**  Rolan Seymour FELD        **3. Sex** Male

**4. Name and surname**  FATHER   Mark   FELD

**5. Place of birth**  Hackney

**6. Occupation**  Musician

**7. Name and surname**  MOTHER   Gloria Richetta THURMOND

**8. Place of birth**  United States

**9.(a) Maiden surname**  JONES   **(b) Surname at marriage if different from maiden surname** —

**10. Usual address (if different from place of child's birth)**  25 Folmead Road Hammersmith SW.6.

**11. Name and surname (if not the mother or father)**   **12. Qualification** Father Mother

**13. Usual address (if different from that in 10 above)**  25 Folmead Road Hammersmith SW6

**14. I certify that the particulars entered above are true to the best of my knowledge and belief**  Mark Feld  Gloria R. Thurmond   **Signature of informant**

**15. Date of registration**  Eighth October 1978   **16. Signature of registrar**  A. Green Registrar

**17. Name given after registration, and surname**

CERTIFIED to be a true copy of an entry in the certified copy of* a register of Births, Still-births or Deaths in the District above mentioned. Given at the GENERAL REGISTER OFFICE, under the Seal of the said Office on   25th      October      2012
*If the Certificate is given from the original Register, the words "the certified copy of" are struck out.
CAUTION: THERE ARE OFFENCES RELATING TO FALSIFYING OR ALTERING A CERTIFICATE AND USING OR POSSESSING A FALSE CERTIFICATE. © CROWN COPYRIGHT
WARNING: A CERTIFICATE IS NOT EVIDENCE OF IDENTITY.
7194667  50661  04/12  3M3SD  031128



SPR

**18**

# EXHIBIT B

D. Cert.

CAUTION - It is an offence to falsify a certificate or to make or knowingly use a false certificate or a copy of a false certificate intending it to be accepted as genuine to the prejudice of any person, or to possess a certificate knowing it to be false without lawful authority.

CERTIFIED COPY
Pursuant to the Births and

OF AN ENTRY
Deaths Registration Act 1953

| DEATH | Entry Number 10 |
|---|---|

Registration District **Wandsworth**
Sub-district **Wandsworth**

Administrative area **London Borough of Wandsworth**

1. Date and place of death
**Sixteenth September 1977**   **Found dead on arrival at Queen Marys Hospital, S.W.15.**

2. Name and surname
**Mark FELD otherwise**
**Marc BOLAN**

3. Sex **Male**

4. Maiden surname of woman who has married

5. Date and place of birth **Thirtieth September 1947 Hackney. London**

6. Occupation and usual address **Musician 142 Upper Richmond Road West East Sheen. S.W.14.**

7. (a) Name and surname of informant (b) Qualification
**Certificate received from G. Thurston Coroner for Inner West London. Inquest held on 24th November 1977.**

(c) Usual address

8. Cause of death
**Shock and Haemorrhage due to Multiple Injuries consistent with Road Traffic Accident Passenger in a private motor car which collided with a tree     Accidental**

9. I certify that the particulars given by me above are true to the best of my knowledge and belief.
Signature of Informant

10. Date of registration
**Twentyeighth November 1977**

11. Signature of registrar
**R.A. Hedge. Registrar**

Certified to be a true copy of an entry in a register in my custody. Dated
*Superintendent Registrar

**H.A. Rossell**     *Registrar     **22.1.1997**     Date
*delete as appropriate

**IAK 467882**

# EXHIBIT C

-1-

THIS AGREEMENT     is made the *twenty-eighth*     day of *October*
One thousand nine hundred and *sixty-eight*                                    BETWEEN
ESSEX MUSIC INTERNATIONAL LIMITED       LIMITED whose registered office is situate at
Dumbarton House, 68 Oxford Street W.1 in the County of London (hereinafter called "the Company") of the
one part and     MARC BOLAN
of             c/o Bryan Morrison Agency, 14 Bruton Place, London W.1
(hereinafter called "the Writer") of the other part

WHEREBY IT IS AGREED as follows:-

1.     The Company hereby engages and the Writer hereby agrees to render to the Company his exclusive
services as composer and writer of musical compositions and lyrics during the period of one year commencing
on the date hereof and for such further period or periods as may arise in accordance with Clause 12 hereof
and in any event the Writer's said engagement shall continue for so long as any sums which may be paid to
the Writer under the provisions of sub-Clause 4 (i) and 12 (b) (i) hereof shall remain unrecouped by the
Writer under the provisions of sub-Clause 4 (i) and 12 (b) (i) hereof.
            royalties payable to the Writer under the provisions of sub-Clause 4 (ii) hereof.

2.     The Writer as Beneficial Owner hereby grants and assigns unto the Company the full and entire
copyright and all other rights of whatsoever kind or nature (including but not limited to the right to add to ~~~~
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
~~~~~~~~~~~~~~~~~~~~and to translate the same into any and all languages) throughout the world and universe
in and to all musical compositions arrangements whether of music in the public domain or otherwise and
lyrics (hereinafter collectively called "the Works")

            (i)     heretofore written by him (whether alone or in collaboration) and which have not heretofore
            been assigned or licensed to any third party and

            (ii)     written by him (whether at the request of the Company or otherwise and whether alone or in
            collaboration) during the period of his engagement hereunder.

TO HOLD the same unto the Company absolutely for the full period of copyright and all possible renewals
and extensions thereof

3.     The Writer hereby represents warrants and undertakes to and with the Company that:-

            (i)     he will (subject only to the provisions of sub-Clause (vii) of this Clause 3 hereof) be the sole
            composer and writer of the Works which shall be wholly original with him and nothing therein shall
            infringe the copyright or any other rights of any third party

            (ii)     copyright in the Works shall subsist or may be acquired in all countries of the world whose
            laws provide for copyright protection and that he will not at any time hereafter do authorise or omit
            to do anything relating to the Works or any of them whereby the subsistence of copyright therein or
            any part of such copyright may be destroyed or otherwise impaired

            (iii)     ~~the Works~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

            (iv)     he will not during the period of his engagement hereunder render on his own behalf or to any
            third party his services as composer and writer of musical compositions or lyrics

            (v)     the rights hereby granted and assigned are or will be vested in him absolutely and that he has
            not previously assigned licensed granted or in any way encumbered the same so as to derogate from
            the grant and assignment hereby made and that he has a good title and full right and authority to
            enter into this Agreement

            (vi)     he is a British subject ordinarily resident within the Scheduled Territories as defined for the
            purposes of the Exchange Control Act 1947 and that he is also a "qualified person" as that expression
            is defined by the Copyright Act 1956 and that he will remain so resident and so qualified during the
            period of his engagement hereunder

            (vii)     he will not collaborate with any third party or parties in the creation of any musical compo-
            sition or lyric during the term hereof unless prior to such collaboration such third party or parties
            shall have executed an assignment in favour of the Company in the form annexed hereto and marked
            Exhibit I in respect of such composition

            (viii)     he will not without the consent of the Company make any disclosure or supply any information
            to the public or to any third party (other than his professional advisers) in relation to any matters
            arising hereunder or to the general affairs of the Company

            (ix)     he will and does hereby consent to the use by the Company of his name and likeness and the
            titles of the Works or any of them in connection with any publicity and advertising material issued
            by or under the control of the Company

            (x)     he will not during the period of his engagement hereunder consent to or permit the use of his
            name as the composer or writer of any musical composition or lyric of which he is not the composer
            or writer and that he will not without the Company's prior written consent compose or write any
            musical composition or lyric under any name other than his own name

-2-

(xi)    immediately upon the completion of each of the Works he will deliver to the Company a manuscript copy thereof and he undertakes to complete and deliver to the Company during each quarter of the period of his engagement hereunder a minimum of eight (8) of the Works suitable in all respects for publication and commercial exploitation

(xii)    he will indemnify and at all times keep the Company fully indemnified against all actions proceedings costs claims and damages whatsoever made against or incurred by the Company in consequence of any breach or non-performance by him of any of the representations warranties or undertakings on his part herein contained

4.    (i)    as consideration for the services to be rendered by the Writer hereunder and for the rights of copyright and other rights hereby granted unto the Company the Company shall on the signing hereof pay to the Writer the sum of £500.0.0 (the receipt whereof the Writer hereby acknowledges being in advance and on account of the royalties hereinafter mentioned in sub-Clause 4 (ii) hereof

(ii)    The following royalties shall be paid by the Company in respect of each of the Works that is to say:-

(a)    **SHEET MUSIC ROYALTIES**
Ten per centum (10%) of the marked retail selling price of all copies of the Works sold (except as hereafter provided) but so that no royalty shall be payable on the first month's issue of sample copies of the Works. Fifty per centum (50%) of all sums received by the Company on the sale of foreign and colonial editions of the Works
The Company shall have the right to include the Works in any album folio or newspaper and to licence others to make a similar use upon payment of Five pounds (£5) in lieu of royalties in respect of the inclusion thereof in such album folio or newspaper
No royalties shall be payable on orchestral military and brass band arrangements or professional copies of the Works

Seventy percent (70%)    (b)    **MECHANICAL ROYALTIES**
Fifty per centum (50%) of all royalties received by the Company for reproductions of the Works in connection with the manufacture of records (other than for use in or in connection with cinematograph films and television films) for sale to the public
No royalties shall be payable in respect of the inclusion of the Works in medley arrangements

Seventy percent (70%)    (c)    **SYNCHRONISATION FEES**
Fifty per centum (50%) of all royalties and fees received by the Company for the right to use the Works in or in connection with any cinematograph film or television film

(d)    **PERFORMING BROADCASTING AND REDIFFUSION FEES**
These are collected by the Performing Right Society Limited and are paid direct to its members in accordance with the rules laid down by that Society and it is agreed that the Company's share shall be Fifty per centum (50%) and that the share payable to the Writer shall be Fifty per centum (50%)
If the Writer is a member of the Performing Right Society Limited the rights hereby assigned are assigned subject to the rights of the said Society arising by virtue of the Writer's membership of the said Society or otherwise but include the reversionary interest of the Writer in such rights expectant upon the determination by any means of the rights of the Society as aforesaid subject to the payment to the Writer by the Company of the Writer's share of all performing right fees received by the Company such share to be not less than the share previously payable to the Writer by the Society

For the purpose of calculating the royalties hereinbefore mentioned if the Writer shall compose or write the Works or any of them in collaboration with any third party in accordance with the provisions of sub-Clause 3 (vii) hereof or if a third party shall at the Company's request set words to any of the Works which comprise music or music to any of the Works which comprise words then the said royalties shall be divided in equal shares between such of them the Writer and any such third party as shall have composed or written the same

5.    The royalties payable to the Writer under the provisions of sub-Clause 4 (ii) hereof shall be paid within Forty-five days of the Thirtieth June and the Thirty-first December in each year and each payment shall be accompanied by a royalty statement showing the amount of royalties due hereunder to the Writer and all such royalty statements shall be final and binding upon the Writer and shall not be subject to any objection by the Writer unless specific objection in writing stating the basis thereof is given to the Company by the Writer within one year from the date of the statement

6.    The Writer hereby agrees with the Company that whenever reasonably required so to do the Company may require the re-editing of the Works on and of them or any of them for the revision and alteration of the same and shall keep the Company fully informed of all matters relating thereto

7.    The Company may assign or grant the benefit of this Agreement or any of its rights or benefits hereunder in whole or in part to any person or persons firm or company who shall then be entitled to the rights and benefits to which the Company is entitled hereunder or such of them as are so assigned or granted and all the representations warranties and undertakings of the Writer herein contained shall to the extent of such assignment or grant thereupon enure for the benefit of such assignees or grantees

-3-

8. ~~The Writer hereby authorises and requests the Company to pay all monies due to him hereunder to his duly authorised representative~~
~~of~~
~~whose receipt shall be a full discharge of the Company therefor.~~

9.      This Agreement shall be construed and shall take effect in accordance with the Laws of England and words and expressions used herein shall where the context so admits have the same meanings as are assigned to them by the Copyright Act 1956

10.      (a)      For further securing to the Company the rights hereby granted and assigned the Writer hereby undertakes with the Company that he will at the request and expense of the Company do all such further things and execute all such further instruments as the Company may from time to time require for the purpose of confirming the Company's title to the said rights in any part of the world (including in particular but not by way of limitation the execution of assignments in the form annexed hereto and marked Exhibit I) and the Writer hereby constitutes and appoints the Company his true and lawful attorney-in-fact with full power of substitution in his name and stead but for the Company's benefit to take any and all steps (including proceedings at law and in equity and otherwise) and to execute acknowledge and deliver any and all instruments and assurances necessary or expedient in order to vest the rights hereby assigned more effectively in the Company or to protect the same or to enforce any claim or right of any kind with respect thereto and in the event of such proceedings against any third party the Writer shall afford the Company all reasonable assistance in proving and defending the rights held by the Company under this Agreement and the Writer declares that the power of attorney contained in this Clause is coupled with an interest and is irrevocable

(b)      Any proceedings brought by the Company shall be initiated and prosecuted at the Company's sole expense and of any recovery made by it as a result thereof (after deduction of the expenses and costs thereof) a sum equal to fifty (50%) per cent shall be allocated as the total Writer's share

(c)      If the claim is made by a third party against the Company in respect of any of the Works it shall thereupon serve written notice upon the Writer containing the details of such claim as known to the Company and thereafter until the claim has been adjudicated or settled the Company shall hold payment of any monies becoming due to the Writer under this or any other agreement in abeyance pending the outcome of such claims and the Company shall have the right to settle or otherwise dispose of such claims in any manner which it in its sole discretion may determine and in the event of any recovery against the Company (either by way of judgement or settlement) all of the costs charges disbursements (including Counsel's fees) and the amount of the judgement or settlement may be deducted by the Company from any and all royalties or other payments theretofore or thereafter payable to the Writer by the Company under this or any other agreement or by any of its associated affiliated or subsidiary firms or corporations

(d)      From and after the service of any proceedings issued against the Company with respect to any of the said Works any and all payments thereafter becoming due to the Writer shall be held by the Company in abeyance until the proceedings have been finally adjudicated or settled and the same shall then be disbursed accordingly unless the Writer shall elect to file an acceptable bond in the sum of such payments in which event the said payments shall be made to the Writer

11.      The Company shall be entitled to recover any sum or sums now paid or at any time hereafter to be paid to the Writer under the provisions of sub-Clause 4 (i) hereof together with any additional like sums which the Company may at any time agree to pay to the Writer from the royalties which may become due to the Writer under the provisions of sub-Clause 4 (ii) hereof and the Writer hereby authorises and requests the Company to recover the same in the manner aforesaid

12.      (a)      The Writer hereby grants to the Company the following exclusive options that is to say:-

(i)      a First Option (exercisable by the Company giving to the Writer written notice not later than thirty days prior to the first anniversary of the date hereof) to extend the term of this Agreement for a second period of one year (hereinafter called "the First Option Year") commencing on the first anniversary of the date hereof upon the same terms and conditions as are hereinbefore contained in this Agreement ~~but subject to the provisions of sub-Clause 13 (ii) hereof~~

(ii)      If the said First Option shall be exercised in the manner aforesaid a Second Option (exercisable by the Company giving to the Writer written notice not later than thirty days prior to the end of the First Option Year) to extend the term of this Agreement for a third period of one year (hereinafter called "the Second Option Year") commencing on the second anniversary of the date hereof upon the same terms and conditions as are contained in this Agreement ~~but subject to the provisions of sub-Clause 13 (ii) hereof~~

(iii)      ~~If the said Second Option shall be exercised in the manner aforesaid a Third Option (exercisable by the Company giving to the Writer written notice not later than thirty days prior to the end of the Second Option Year) to extend the term of this Agreement for a fourth period of one year (hereinafter called "the Third Option Year") commencing on the third anniversary of the date hereof upon the same terms and conditions as are contained in this Agreement but subject to the provisions of sub-Clause 13 (ii) hereof~~

22

-4-

(iv) *[struck-through / illegible text]*

(b) *[struck-through / illegible text]*

(i) *[struck-through / illegible text]*

(ii) *[struck-through / illegible text]*

AS WITNESS the hands of the parties hereto the day and year first before written

SIGNED by                                    )
for and on behalf of                         )
Essex Music International Limited            )
in the presence of:-                         )

SIGNED by the said                           )
in the presence of:- Marc Bolan             )     *Marc Bolan* (signature)

As an inducement for the Company to enter into this Agreement I
of
hereby warrant that I am the legal guardian of the above named
and having read the above Agreement I am satisfied that it is for the benefit of the said
by                                    and that it is entered into with my full consent and approval

Signature of Guardian          ...........................................

Guardian's address             ...........................................
                               ...........................................
                               ...........................................

Addendum   The Company hereby agrees to assign to Lupus Music Limited, the
           entire copyright throughout the World in three (3) out of every
           twelve (12) works, by the writer recorded and released by
           Marc Bolan and TYRANNOSAURUS REX.  Such works shall be selected
           by mutual agreement between the Company and the Writer.
           It is understood and agreed that the advance payable to the Writer
           hereunder shall be deemed a general advance against all royalties
           hereafter payable to the Writer pursuant to this and any other
           agreement between the Company and the Writer and all advances
           heretofore paid to the Writer by the Company under any other
           Agreement between the Writer and the Company shall likewise be deemed
           general advances against the Writer's royalties under this Agreement.

23

EXHIBIT "1"

# This Assignment is made the

No.

day of                19

BETWEEN
of

MARC BOLAN,
c/o Bryan Morrison Agency,
14 Bruton Place,
London, W.1.

(hereinafter called "the Assignor(s)") of the one part and ESSEX MUSIC INTERNATIONAL LIMITED
of DUMBARTON HOUSE, 68 OXFORD STREET, in the County of London
(hereinafter called "the Publishers") of the other part WITNESSETH that in consideration of the payment
by the Publishers to the Assignor(s) of the sum of 1/= (one shilling) (the receipt whereof is
hereby acknowledged) on account of the Royalties and Fees mentioned in the Schedule hereto to Assignor(s)
hereby Assign(s) to the Publishers ALL the Copyright as defined by the Copyright Act 1956, throughout
the territory to which that Act may now or may at any time hereafter extend, together with all other rights
of a like nature as are now conferred by the laws in force in all other territories throughout the world,
including the renewal copyright as conferred by the law of the United States of America, and such other
rights as may hereafter be conferred or created by law or international arrangement or convention in any
part of the world whether by way of new or additional rights not now comprised in Copyright or by way of
extension of the period of then or now existing rights of and in the words and music of the composition
entitled

"TITLE"

(hereinafter referred to as "the said work(s)") TO HOLD the same unto the Publishers their successors and
assigns absolutely AND the Assignor(s) hereby agree(s) on demand to execute and sign any other documents
and to do all other acts and things which may hereafter be required of the Assignor(s) for vesting in the
Publishers the premises expressed to be hereby assigned AND the Assignor(s) hereby warrant(s) and declare(s)
that the said work is a new and original unpublished work and does not infringe the copyright in any other
work and that he (they) the Assignor(s) has (have) good right and full power to assign to the Publishers free
from all encumbrances the premises expressed to be hereby assigned and every of them in the manner
aforesaid. AND IT IS HEREBY CERTIFIED that the transaction hereby effected does not form part of
a larger transaction or of a series of transactions in respect of which the amount or value or the aggregate
amount or value of the consideration exceeds £3,500.

AS WITNESS the hands of the parties hereto the day and year first above written.

## The Schedule above referred to.

**Sheet Music Royalties.**
10% ten per cent.) of the marked retail selling price of all copies of the said work(s) sold (except as
hereafter provided) but so that no Royalty shall be payable on the first month's issue of sample copies of
the said work(s).
70% ( seventy per cent.) of all sums received by the Publishers on the sale of Foreign and Colonial Editions
of the said work(s).
The Publishers shall have the right to include the said work(s) in any Album, Folio or Newspaper
and to licence others to make a similar use upon payment of £5 (five pounds) in lieu of Royalties in respect
of the inclusion thereof in such Album, Folio or Newspaper.
No Royalties shall be payable on Orchestral, Military and Brass Band Arrangements or professional
copies of the said work(s, and the Publishers shall have the right to use the melody with words of the
chorus thereof in any separate musical publication, and to reprint the words thereof without the music free
from Royalty or other consideration.
**Mechanical Royalties.**
70% (seventy per cent.) of all Royalties received by the Publishers for reproductions of the said work(s)
in connection with the manufacture of records (other than for use in or in connection with cinematograph
films and television films) for sale to the Public.
No Royalties shall be payable to the Assignors in respect of the inclusion of the said work(s) in Medley
Arrangements.
**Synchronization Fees.**
70% (seventy per cent.) of all royalties and fees received by the Publishers for the right to use the said
work(s) in or in connection with any cinematograph film or television film.
**Performing Broadcasting and Rediffusion Fees.**
These are collected by the Performing Right Society Ltd. and are paid direct to its Members in
accordance with the Rules laid down by that Society, and it is agreed that the Assignor's share shall be
50 per cent. and the Publisher's share 50 per cent.
If the Assignor is a member of the Performing Right Society Ltd., the rights hereby assigned are
assigned subject to the rights of the said Society arising by virtue of the Assignor's membership of the said
Society or otherwise but include the reversionary interest of the Assignor in such rights expectant upon the
determination by any means of the rights of the Society as aforesaid, subject to the payment to the Assignor
by the Publisher of the Assignor's share of all performing right fees received by the Publisher, such share
to be not less than the share previously payable to the Assignor by the Society.
**Generally.**
All Royalties and fees payable by the Publishers to the Assignor(s) by virtue of this Assignment shall
be divided between the Assignor(s) in the following manner:—

SIGNED by the Assignor(s) in the presence of:-          MARC BOLAN

SIGNED by the duly authorised agent of the          For and on behalf of ESSEX MUSIC INTERNATIONAL LTD.
Publishers in the presence of:

                                                              Director.

# EXHIBIT D

| Title | Record | Writer | |
|---|---|---|---|
| Beyond The Rising Sun | 1965 Single | Marc Bolan | |
| Desdemona | 1967 Single | Marc Bolan | |
| Debora | 1968 Single | Marc Bolan | |
| Pewter Suitor | 1969 Single | Marc Bolan | |
| Child Star | LP1 | Marc Bolan | |
| Graceful Fat Sheba | LP1 | Marc Bolan | |
| Mustang Ford | LP1 | Marc Bolan | |
| Strange Orchestras | LP1 | Marc Bolan | |
| Wielder of Words | LP1 | Marc Bolan | |
| Deboraarobed | LP2 | Marc Bolan | |
| Eastern Spell | LP2 | Marc Bolan | |
| Juniper Suction | LP2 | Marc Bolan | |
| O Harley (The Saltambiques) | LP2 | Marc Bolan | |
| One Inch Rock | LP2 | Marc Bolan | |
| Our Wonderful Brownskin Man | LP2 | Marc Bolan | |
| Salamanda Palaganda | LP2 | Marc Bolan | |
| Scenescof Dynasty | LP2 | Marc Bolan | |
| Stacey Grove | LP2 | Marc Bolan | |
| The Traveling Tragition | LP2 | Marc Bolan | |
| Wind Quartets | LP2 | Marc Bolan | |
| Evenings of Damask | LP3 | Marc Bolan | |
| Like a White Star, Tangled and Far, Tulip That's What You Are | LP3 | Marc Bolan | |
| Nijinsky Hind | LP3 | Marc Bolan | |
| 'Pon a Hill | LP3 | Marc Bolan | |
| Romany Soup | LP3 | Marc Bolan | |
| She Was Born to Be My Unicorn | LP3 | Marc Bolan | |
| Stones For Avalon | LP3 | Marc Bolan | |
| The Misty Coast of Albany | LP3 | Marc Bolan | |
| The Sea Beasts | LP3 | Marc Bolan | |
| The Seal of Seasons | LP3 | Marc Bolan | |
| The Throat of Winter | LP3 | Marc Bolan | |

| Album | Title | Release Date |
|---|---|---|
| LP1 | My People Were Fair And Had Sky In Their Hair, But Now They're Content To Wear Stars On Their Brows | July, 1968 |
| LP2 | Prophets, Seers & Sages: The Angels of the Ages | Nov, 1968 |
| LP3 | Unicorn | May, 1969 |

25

# EXHIBIT E

| Title | Record | Writer | |
|---|---|---|---|
| Charlie | | Marc Bolan | |
| Horrible Breath | | Marc Bolan | |
| Jasper C. Debussy | | Marc Bolan | |
| Lunacy's Back | | Marc Bolan | |
| Midsummer Night's Scene | | Marc Bolan | |
| Nickelodeon | | Marc Bolan | |
| Sally Was An Angel | | Marc Bolan | |
| You've Got The Power | | Marc Bolan | |
| Find A Little Wood | 1971 Single | Marc Bolan | |
| Hot Love | 1971 Single | Marc Bolan | |
| King Of The Mountain Cometh | 1971 Single | Marc Bolan | |
| Raw Ramp | 1971 Single | Marc Bolan | |
| By The Light of a Magical Moon | LP4 | Marc Bolan | |
| Dragon's Ear | LP4 | Marc Bolan | |
| Elemental Child | LP4 | Marc Bolan | |
| First Heart Mighty Down Dart | LP4 | Marc Bolan | |
| Great Horse | LP4 | Marc Bolan | |
| Organ Blues | LP4 | Marc Bolan | |
| Blessed Wild Apple Girl | LP4 addtl track | Marc Bolan | |
| Children Of Rarn | LP5 | Marc Bolan | |
| Diamond Meadows | LP5 | Marc Bolan | |
| Is It Love? | LP5 | Marc Bolan | |
| Jewel | LP5 | Marc Bolan | |
| Root of Star | LP5 | Marc Bolan | |
| Seagull Woman | LP5 | Marc Bolan | |
| Suneye | LP5 | Marc Bolan | |
| Bang a Gong (Get It On) | LP6 | Marc Bolan | |
| Cosmic Dancer | LP6 | Marc Bolan | |
| Girl | LP6 | Marc Bolan | |
| Jeepster | LP6 | Marc Bolan | |
| Life's a Gas | LP6 | Marc Bolan | |
| Mambo Sun | LP6 | Marc Bolan | |
| Monolith | LP6 | Marc Bolan | |
| Rip Off | LP6 | Marc Bolan | |
| The Motivator | LP6 | Marc Bolan | |
| Ride A White Swan | promo track for LP5 | Marc Bolan | |
| There Was A Time | Rhino bonus track | Marc Bolan | |
| | | | |
| | | | |
| Album | Title | | Release Date |
| LP4 | A Beard Of Stars | | March, 1970 |
| LP5 | T.Rex | | Dec, 1970 |
| LP6 | Electric Warrior | | Sept, 1971 |

26

**EXHIBIT F**

| Title | Record | Writer | Registration | Renewal |
|---|---|---|---|---|
| 'Pon a Hill | LP3 | Marc Bolan | EU0000131317 (08/11/1969) | RE0000759100 (05/16/1997) |
| Bang a Gong (Get It On) | LP6 | Marc Bolan | EFO000151057 (07/12/1971) | RE0000807726 (03/18/1999) |
| Blessed Wild Apple Girl | LP4 addtl track | Marc Bolan | EU0000246101 (04/21/1971) | RE0000807749 (03/18/1999) |
| By The Light of a Magical Moon | LP4 | Marc Bolan | EU0000214883 (10/28/1970) | RE0000782368 (02/12/1998) |
| Child Star | LP1 | Marc Bolan | EU0000056410 (05/31/1968) | RE0000727008 (02/01/1996) |
| Children Of Rarn | LP5 | Marc Bolan | EU0000236662 (03/08/1971 | RE0000809887 (05/21/1999) |
| Cosmic Dancer | LP6 | Marc Bolan | EU0000281756 (10/01/1971) | RE0000807764 (03/18/1999) |
| Debora | 1968 Single | Marc Bolan | EU0000060952 (07/01/1968) EFO000156559 (05/09/1972) | RE0000727010 (02/01/1996) RE0000826904 (03/20/2000) |
| Deboraarobed | LP2 | Marc Bolan | EU0000106356 (03/24/1969) | RE0000759075 (05/16/1997) |
| Desdemona | 1967 Single | Marc Bolan | EU0000228887 (01/25/1971) | RE0000809885 (05/21/1999) |
| Diamond Meadows | LP5 | Marc Bolan | EU0000236660 (03/08/1971 | RE0000807734 (03/18/1999) |
| Dragon's Ear | LP4 | Marc Bolan | EU0000214879 (10/28/1970) | RE0000782507 (02/12/1998) |
| Eastern Spell | LP2 | Marc Bolan | EU0000106351 (03/24/1969) | RE0000759070 (05/16/1997) |
| Elemental Child | LP4 | Marc Bolan | EU0000214881 (10/28/1970) | RE0000782509 (02/12/1998) |
| Evenings of Damask | LP3 | Marc Bolan | EU0000131318 (08/11/1969) | RE0000759101 (05/16/1997) |
| Find A Little Wood | 1971 Single | Marc Bolan | EU0000341490 (06/30/1972) | RE0000826932 (03/20/2000) |
| First Heart Mighty Down Dart | LP4 | Marc Bolan | EU0000214888 (10/28/1970) | RE0000782372 (02/12/1998) |

| Title | Record | Writer | Registration | Renewal |
|---|---|---|---|---|
| Girl | LP6 | Marc Bolan | EU0000282215 (10/08/1971) | RE0000807766 (03/18/1999) |
| Graceful Fat Sheba | LP1 | Marc Bolan | EU0000360838 (10/04/1972) | RE0000826868 (03/20/2000) |
| Great Horse | LP4 | Marc Bolan | EU0000214885 (10/28/1970) | RE0000782370 (02/12/1998) |
| Horrible Breath | 1971 Registration | Marc Bolan | EU0000236664 (03/08/1971) | RE0000807737 (03/18/1999) |
| Hot Love | 1971 Single | Marc Bolan | EFO000148359 (04/02/1971) | RE0000807725 (03/18/1999) |
| Is It Love? | LP5 | Marc Bolan | EU0000224042 (12/15/1970) | RE0000782600 (02/12/1998) |
| Jasper C. Debussy | 1971 Registration | Marc Bolan | EU0000268889 (07/16/1971) | RE0000807761 (03/18/1999) |
| Jeepster | LP6 | Marc Bolan | EU0000282216 (10/08/1971) | RE0000807767 (03/18/1999) |
| Jewel | LP5 | Marc Bolan | EU0000236658 (03/08/1971 | RE0000807733 (03/18/1999) |
| Juniper Suction | LP2 | Marc Bolan | EU0000106357 (03/24/1969) | RE0000759076 (05/16/1997) |
| Life's a Gas | LP6 | Marc Bolan | EU0000282218 (10/08/1971) | RE0000807768 (03/18/1999) |
| Like a White Star, Tangled and Far, Tulip That's What You Are | LP3 | Marc Bolan | EU0000131313 (08/11/1969) | RE0000759097 (05/16/1997) |
| Mambo Sun | LP6 | Marc Bolan | EU0000281755 (10/01/1971) | RE0000807763 (03/18/1999) |
| Monolith | LP6 | Marc Bolan | EU0000282220 (10/08/1971) | RE0000807770 (03/18/1999) |
| Mustang Ford | LP1 | Marc Bolan | EU0000360841 (10/04/1972) | RE0000826871 (03/20/2000) |
| Nijinsky Hind | LP3 | Marc Bolan | EU0000131317 (08/11/1969) | RE0000759100 (05/16/1997) |
| O Harley (The Saltambiques) | LP2 | Marc Bolan | EU0000106354 (03/24/1969) | RE0000759073 (05/16/1997) |
| One Inch Rock | LP2 | Marc Bolan | EU0000106354 (03/24/1969) | RE0000759073 (05/16/1997) |

| Title | Record | Writer | Registration | Renewal |
|---|---|---|---|---|
| Organ Blues | LP4 | Marc Bolan | EU0000214878 (10/28/1970) | RE0000782366 (02/12/1998) |
| Our Wonderful Brownskin Man | LP2 | Marc Bolan | EU0000106354 (03/24/1969) | RE0000759073 (05/16/1997) |
| Pewter Suitor | 1969 Single | Marc Bolan | EU0000103523 (03/05/1969) | RE0000759068 (05/16/1997) |
| Raw Ramp | 1971 Single | Marc Bolan | EU0000267715 (07/28/1971) | RE0000807760 (03/18/1999) |
| Ride A White Swan | promo track for LP5 | Marc Bolan | EFO000145546 (11/13/1970) | RE0000782503 (02/12/1998) |
| Rip Off | LP6 | Marc Bolan | EU0000282214 (10/08/1971) | RE0000807765 (03/18/1999) |
| Romany Soup | LP3 | Marc Bolan | EU0000131317 (08/11/1969) | RE0000759100 (05/16/1997) |
| Root of Star | LP5 | Marc Bolan | EU0000236656 (03/08/1971) | RE0000807731 (03/18/1999) |
| Salamanda Palaganda | LP2 | Marc Bolan | EU0000106355 (03/24/1969) | RE0000759074 (05/16/1997) |
| Scenescof Dynasty | LP2 | Marc Bolan | EU0000121543 (06/13/1969) | RE0000759078 (05/16/1997) |
| Seagull Woman | LP5 | Marc Bolan | EU0000236657 (03/08/1971) | RE0000807732 (03/18/1999) |
| She Was Born to Be My Unicorn | LP3 | Marc Bolan | EU0000131314 (08/11/1969) | RE0000759098 (05/16/1997) |
| Stacey Grove | LP2 | Marc Bolan | EU0000121543 (06/13/1969) | RE0000759078 (05/16/1997) |
| Stones For Avalon | LP3 | Marc Bolan | EU0000131314 (08/11/1969) | RE0000759098 (05/16/1997) |
| Strange Orchestras | LP1 | Marc Bolan | EU0000247782 (05/03/1970) | RE0000807750 (03/18/1999) |
| Suneye | LP5 | Marc Bolan | EU0000236663 (03/08/1971) | RE0000807736 (03/18/1999) |
| The Misty Coast of Albany | LP3 | Marc Bolan | EU0000131311 (08/11/1969) | RE0000759095 (05/16/1997) |
| The Motivator | LP6 | Marc Bolan | EU0000282219 (10/08/1971) | RE0000807769 (03/18/1999) |

| Title | Record | Writer | Registration | Renewal |
|---|---|---|---|---|
| The Sea Beasts | LP3 | Marc Bolan | EU0000131320 (08/11/1969) | RE0000759103 (05/16/1997) |
| The Seal of Seasons | LP3 | Marc Bolan | EU0000131320 (08/11/1969) | RE0000759103 (05/16/1997) |
| The Throat of Winter | LP3 | Marc Bolan | EU0000131312 (08/11/1969) | RE0000759096 (05/16/1997) |
| The Traveling Tragition | LP2 | Marc Bolan | EU0000121543 (06/13/1969) | RE0000759078 (05/16/1997) |
| There Was  A Time | Rhino bonus track | Marc Bolan | PAu000801067 (01/21/1986) | |
| Wielder of Words | LP1 | Marc Bolan | EU0000360837 (10/04/1972) | RE0000826867 (03/20/2000) |
| Wind Quartets | LP2 | Marc Bolan | EU0000121543 (06/13/1969) | RE0000759078 (05/16/1997) |

| Album | Title | Release Date |
|---|---|---|
| LP1 | My People Were Fair And Had Sky In Their Hair, But Now They're Content To Wear Stars | July, 1968 |
| LP2 | Prophets, Seers & Sages: The Angels of the Ages | Nov, 1968 |
| LP3 | Unicorn | May, 1969 |
| LP4 | A Beard Of Stars | March, 1970 |
| LP5 | T.Rex | Dec, 1970 |
| LP6 | Electric Warrior | Sept, 1971 |

**EXHIBIT G**

*Mailed 9/28/12*

**YU LESEBERG**

A PROFESSIONAL LAW CORPORATION

1900 AVENUE OF THE STARS
TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067

HELEN YU LESEBERG
MEMBER OF CALIFORNIA BAR

TELEPHONE (310) 286-7667
FAX (310) 286-7473
EMAIL: helenyu@hyulaw.com

September 28, 2012

**VIA CERTIFIED MAIL**

Westminster Music Ltd.
C/O Essex Music International, Inc.
C/O The Richmond Organization
266 West 37th St.
17th Floor
New York, NY 10018

    Re:    **Rear Window Copyright Reversion – Artist: *"Marc Bolan"* and *"T. Rex"***
              **Sole Heir – Rolan Bolan Feld**
              <u>**Notice of Change of Address for Statements, Payment and Royalties**</u>

Ladies and Gentlemen:

    We represent Rolan Feld and his holding companies, Electric Boogie, Inc., and Electric Boogie Music (individually and collectively referred to hereinafter as "Rolan"), the only child and sole remaining heir of Marc Feld p/k/a Marc Bolan and his band, T. Rex (collectively "Marc Bolan"). Rolan is the current owner of various U.S. copyrights and associated intellectual property rights relating to Marc Bolan, who has been deceased since September 16, 1977.

    Pursuant to Section 304(a) of the 1978 United States Copyright Act (as amended), the renewal term of one hundred percent (100%) of the copyright in and to the musical compositions specified on the attached Schedule (the "Compositions") vested automatically and as a matter of law in (and only in) Rolan on the first (1st) day of the renewal term of copyright, regardless of any publishing agreement, assignment or transfer of any kind or nature which may have executed by Marc Bolan prior to his death (*See* <u>Stewart v. Abend</u>, 495 U.S. 207 (1990)).

    Since the first term of copyright in each of the Compositions expired by December 31, 1999, Rolan became the sole owner and exclusive administrator of each of the Compositions, effective as of January 1, 2000. Rolan has elected this firm to act as his exclusive worldwide administrator of the Compositions, and to collect all monies earned in connection with the

Compositions. No other person, firm or corporation has the right to administer, license, collect or grant any other rights in the Compositions.

Accordingly, it would be greatly appreciated if Universal Music Publishing could please provide the following:

1. Written confirmation that Universal Music Publishing's records have been updated to reflect Rolan as the sole copyright owner of each of the Compositions and this firm as the exclusive worldwide administrator of the Compositions;

2. Copies of all royalty statements regarding the Compositions for the last five (5) years;

3. Written confirmation that Universal Music Publishing will timely forward to this firm all monies payable after the date hereof with respect to the Compositions (including, without limitation, the so-called "writer's share" and so-called "publisher's share") without deduction of any administration or other fee to the following payee:

> Rolan Feld d/b/a Electric Boogie Music
> c/o Yu Leseberg, A Prof. Law Corp.
> Attn: Helen Yu, Esq.
> 1901 Ave of the Stars, 19$^h$ Floor
> Los Angeles, CA 90067
> Tel. (310) 286-7667   email: helenyu@hyulaw.com

Please feel free to contact me at the address below should you have any questions regarding this matter.

Kind regards,

Helen Yu

HYU/mc
Encl.

| SONG TITLE | WRITER |
|---|---|
| 'Pon a Hill | Marc Bolan (100%) |
| A Beard of Stars | Marc Bolan (100%) |
| A Day Laye | Marc Bolan (100%) |
| Afhgan Woman | Marc Bolan (100%) |
| Aznageel the Mage | Marc Bolan (100%) |
| Bang a Gong (Get It On) | Marc Bolan (100%) |
| Beltane Walk | Marc Bolan (100%) |
| By the Light of a Magical Moon | Marc Bolan (100%) |
| Cat Black (The Wizard's Hat) | Marc Bolan (100%) |
| Chariots of Silk | Marc Bolan (100%) |
| Chateau in Virginia Waters | Marc Bolan (100%) |
| Child Star | Marc Bolan (100%) |
| Childe | Marc Bolan (100%) |
| Conesuala | Marc Bolan (100%) |
| Cosmic Dancer | Marc Bolan (100%) |
| Deboraarobed | Marc Bolan (100%) |
| Diamond Meadows | Marc Bolan (100%) |
| Dove | Marc Bolan (100%) |
| Dragon's Ear | Marc Bolan (100%) |
| Dwarfish Trumpet Blues | Marc Bolan (100%) |
| Eastern Spell | Marc Bolan (100%) |
| Elemental Child | Marc Bolan (100%) |
| Evenings of Damask | Marc Bolan (100%) |
| First Heart Mighty Dawn Dart | Marc Bolan (100%) |
| Frowning Atahuallpa (My Inca Love) | Marc Bolan (100%) |
| Girl | Marc Bolan (100%) |
| Graceful Fat Sheba | Marc Bolan (100%) |
| Great Horse | Marc Bolan (100%) |
| Hot Rod Mama | Marc Bolan (100%) |
| Is It Love? | Marc Bolan (100%) |
| Iscarlot | Marc Bolan (100%) |
| Jeepster | Marc Bolan (100%) |
| Jewel | Marc Bolan (100%) |
| Juniper Suction | Marc Bolan (100%) |
| Knight | Marc Bolan (100%) |
| Lean Woman Blues | Marc Bolan (100%) |
| Life's a Gas | Marc Bolan (100%) |
| Like a White Star, Tangled and Far, Tulip That's What You Are | Marc Bolan (100%) |
| Lofty Skies | Marc Bolan (100%) |
| Mambo Sun | Marc Bolan (100%) |
| Monolith | Marc Bolan (100%) |
| Mustang Ford | Marc Bolan (100%) |
| Nijinsky Hind | Marc Bolan (100%) |
| O Harley (The Saltimbaques) | Marc Bolan (100%) |

| | |
|---|---|
| One Inch Rock | Marc Bolan (100%) |
| Organ Blues | Marc Bolan (100%) |
| Our Wonderful Brownskin Man | Marc Bolan (100%) |
| Pavilions of Sun | Marc Bolan (100%) |
| Planet Queen | Marc Bolan (100%) |
| Prelude | Marc Bolan (100%) |
| Rip Off | Marc Bolan (100%) |
| Romany Soup | Marc Bolan (100%) |
| Root of Star | Marc Bolan (100%) |
| Salamanda Palaganda | Marc Bolan (100%) |
| Scenescof | Marc Bolan (100%) |
| Scenescoff Dynasty | Marc Bolan (100%) |
| Seagull Woman | Marc Bolan (100%) |
| She Was Born to Be My Unicorn | Marc Bolan (100%) |
| Stacey Grove | Marc Bolan (100%) |
| Stones for Avalon | Marc Bolan (100%) |
| Strange Orchestras | Marc Bolan (100%) |
| Summer Deep | Marc Bolan (100%) |
| Suneye | Marc Bolan (100%) |
| The Children of Rarn | Marc Bolan (100%) |
| The Friends | Marc Bolan (100%) |
| The Misty Coast of Albany | Marc Bolan (100%) |
| The Motivator | Marc Bolan (100%) |
| The Pilgrim's Tale | Marc Bolan (100%) |
| The Sea Beasts | Marc Bolan (100%) |
| The Seal of Seasons | Marc Bolan (100%) |
| The Throat of Winter | Marc Bolan (100%) |
| The Time of Love Is Now | Marc Bolan (100%) |
| The Travelling Tragition | Marc Bolan (100%) |
| The Visit | Marc Bolan (100%) |
| The Wizard | Marc Bolan (100%) |
| Trelawny Lawn | Marc Bolan (100%) |
| Warlord of the Royal Crocodiles | Marc Bolan (100%) |
| Wielder of Swords | Marc Bolan (100%) |
| Wind Cheetah | Marc Bolan (100%) |
| Wind Quartets | Marc Bolan (100%) |
| Woodland Rock | Marc Bolan (100%) |



35.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA


### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY


This case has been assigned to District Judge Fernando M. Olguin and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV13- 4946 FMO (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.



All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501


Failure to file at the proper location will result in your documents being returned to you.

Henry Gradstein (#89747); Robert E. Allen (#166589)
Maryann R. Marzano (#96867)
GRADSTEIN & MARZANO, P.C.
6310 San Vicente Boulevard, Suite 510
Los Angeles, California 90048
Tel. (323) 776-3100; Facsimile (323) 931-4990

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Rolan Seymour Feld, an individual,

PLAINTIFF(S)

v.

Westminster Music Limited, a United Kingdom
limited company; Essex Music International, Inc., a
New York corporation; and Does 1 through 100,
10

DEFENDANT(S).

CASE NUMBER

CV13-04946 -FMO(FFMx)

SUMMONS

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, Robert E. Allen, Esq. _____, whose address is
Gradstein & Marzano, P.C., 6310 San Vicente Blvd., Suite 510, Los Angeles, CA 90048 .   If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.   You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: 7/10/2013

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

Henry Gradstein (#89747); Robert E. Allen (#166589)
Maryann R. Marzano (#96867)
GRADSTEIN & MARZANO, P.C.
6310 San Vicente Boulevard, Suite 510
Los Angeles, California 90048
Tel. (323) 776-3100; Facsimile (323) 931-4990

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rolan Seymour Feld, an individual,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Westminster Music Limited, a United Kingdom limited company; Essex Music International, Inc., a New York corporation; and Does 1 through 100,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-04946 - FMO (FFMx)<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __60__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Robert E. Allen, Esq. _____ , whose address is  Gradstein & Marzano, P.C., 6310 San Vicente Blvd., Suite 510, Los Angeles, CA 90048 .  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated:     JUL 1 0 2013  _____

Clerk, U.S. District Court

By: ___ ANDRES PEDRO _____
        Deputy Clerk

        (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Rolan Seymour Feld, an individual

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Westminster Music Limited, a United Kingdom limited company; Essex Music International, Inc., a New York corporation; and DOES 1 through 100

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Henry Gradstein (#89747); Maryann R. Marzano (#96867); Robert Allen (#166589)
Gradstein & Marzano, P.C.
6310 San Vicente Blvd., Suite 510, Los Angeles, CA 90048
Tel. (323) 776-3100; Fax (323) 931-4990

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 2,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1. Copyright Infringement of Plaintiff's rights in the renewed and extended term of copyright in and to various musical compositions. 17 U.S.C. §504

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: CV13-04946

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | United Kingdom NEW York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: July 10, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |