GRADSTEIN & MARZANO, P.C.
HENRY GRADSTEIN (State Bar No. 89747)
hgradstein@gradstein.com
MARYANN R. MARZANO (State Bar No. 96867)
mmarzano@gradstein.com
ROBERT E. ALLEN (State Bar No. 166589)
rallen@gradstein.com
6310 San Vicente Blvd., Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100
Facsimile:  323-931-4990

Attorneys for Plaintiff
ROLAN SEYMOUR FELD

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ROLAN SEYMOUR FELD, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>WESTMINSTER MUSIC LIMITED, a United Kingdom limited company; ESSEX MUSIC INTERNATIONAL, INC., a New York corporation; and DOES 1 through 10,<br><br>    Defendants. | Case No. 13-04946-FMO (FFMx)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS**<br><br>**[DISCOVERY MATTER]**<br><br>NOTE CHANGES MADE BY COURT |

STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS
75448696.4

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiff Rolan Seymour Feld and Defendants Westminster Music Limited and Essex Music International, Inc. hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The purpose of the Stipulated Protective Order is to protect the confidentiality of confidential, proprietary and private information as much as practical during the litigation while facilitating the production of materials for the efficient resolution of this litigation.  The parties agree that the public disclosure of such materials may cause prejudice or irreparable harm to the Producing Party.  Accordingly, the parties agree to the following terms and conditions, none of which shall control the actions of the Court or its personnel, which shall control the handling of all confidential information, documents and things exchanged in this litigation.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; L.R. 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1   Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.2   CONFIDENTIAL Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection

---

1

STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS
75448696.4

under Fed. R. Civ. P. 26(c).  Subject to all of the terms of this paragraph 2.2, any electronic data, depositions, testimony, interrogatory answers, transcripts, affidavits, exhibits, documents or other tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure produced or disclosed by any Party or Non-Party in the course of this action may be designated, and therefore deemed, "CONFIDENTIAL" in accordance with the terms of this Stipulation.  Discovery Material designated "CONFIDENTIAL" means commercially sensitive business, financial, or trade secret information that is not publicly known and cannot be readily ascertained from an inspection of publicly available documents, materials, or devices, and the unprotected disclosure of which is likely to result in economic or competitive injury. Notwithstanding anything to the contrary contained in this Stipulated Protective Order, CONFIDENTIAL Information or Items shall not include any information or items that have been made public, and shall only include information or items that a party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position.

      2.3  <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

      2.4  <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, electronic data, depositions, testimony, interrogatory answers, transcripts, affidavits, exhibits, documents and other tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure), that are produced or generated in disclosures or responses to discovery in this matter.

      2.5  <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party or its counsel to serve as an expert witness, a consultant or investigator in this action.

      2.6  <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or

other legal entity not named as a Party to this action.

2.7   Party:  Any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and outside counsel (and their support staffs).

2.8   Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9   Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," but only to the extent of the CONFIDENTIAL INFORMATION embodied therein.

2.10   Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material (which shall be immediately affixed with the word "CONFIDENTIAL" if such word or words do not already appear); and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

1  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
2  under this Order must be clearly so designated before the material is disclosed or
3  produced.  The Producing Party may make such designations as to information and
4  Discovery Material that it reasonably believes in good faith contains
5  CONFIDENTIAL Information.
6        Designation in conformity with this Order requires:
7        (a)  <u>For information in documentary form</u> (e.g., paper or electronic
8  documents, but excluding transcripts of depositions or other pretrial or trial
9  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each
10 page that contains Protected Material.  If only a portion or portions of the material
11 on a page qualifies for protection, the Producing Party also must clearly identify the
12 protected portion(s) (e.g., by making appropriate markings in the margins).  Any
13 Party who produces inadvertently and in good faith Discovery Material in discovery
14 may also retroactively designate and deem that Discovery Material
15 "CONFIDENTIAL" by sending a letter to counsel for the Parties hereto specifying
16 the Discovery Material to be designated as such if such letter is sent within ten (10)
17 calendar days of the original production or disclosure of the Discovery Material.  A
18 Party or Non-Party that makes original documents or materials available for
19 inspection need not designate them for protection until after the inspecting Party has
20 indicated which material it would like copied and produced.  During the inspection
21 and before the designation, all of the material made available for inspection shall be
22 deemed "CONFIDENTIAL."
23       After the inspecting Party has identified the documents it wants copied
24 and produced, the Producing Party must determine which documents, or portions
25 thereof, qualify for protection under this Order.  Then, before producing the
26 specified documents, the Producing Party must affix the "CONFIDENTIAL" legend
27 to each page that contains Protected Material.  If only a portion or portions of the
28 material on a page qualifies for protection, the Producing Party also must clearly

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   (b) <u>For testimony given in deposition</u> ~~or in other pretrial or trial proceedings~~, **(FFM)** <u>that the Designating Party identify all protected testimony within five (5) days of that testimony.</u>

   (c) <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  Any Party who produces Discovery Material inadvertently and in good faith in discovery may also retroactively designate and deem that Discovery Material "CONFIDENTIAL" by sending a letter to counsel for the Parties hereto specifying the Discovery Material to be designated as such if such letter is sent within ten (10) calendar days of the original production or disclosure of the Discovery Material.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

 5.3 <u>Inadvertent Failures to Designate</u>.  If corrected within ten (10) calendar days, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

 6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   In the event of a dispute concerning confidential designation(s), counsel for the Challenging Party shall notify opposing counsel of the objection in a writing setting forth the basis or bases for its objection.  If the Parties' dispute regarding the objection cannot be resolved by agreement, the designation may be challenged by the procedures set forth in Central District Local Rule 37, with the Challenging Party deemed the moving party thereunder.  If the Challenging Party fails to prepare its portion of the joint stipulation and deliver such to the Designating Party in accordance with Central District Local Rule 37-2.2 within twenty (20) calendar days of the conference of counsel, then the confidentiality of the subject Discovery Material is deemed accepted and the challenge is deemed automatically withdrawn.  The Parties agree that the Confidential Discovery Material in question shall be kept confidential pending a ruling on the dispute.  Any party seeking to file any material designated "CONFIDENTIAL" must apply for permission from the Court to file such material under seal and set forth good cause as to why the material must be filed under seal, pursuant to Central District Local Rule 79-5.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

DISPOSITION).

7.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  The Receiving Party's outside counsel in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  The court and its personnel;

(e)  Court reporters and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)  During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's CONFIDENTIAL Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's CONFIDENTIAL Information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's CONFIDENTIAL Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>NON-WAIVER OF PRIVILEGE AND RETURN OF MATERIAL IN CASE OF AN INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Fed. R. Evid. 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate that agreement in the stipulated protective order submitted to the Court.

Except in the event that the Requesting Party disputes the claim, any Confidential Discovery Material or documents the Producing Party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege, the work-product protection or is otherwise confidential shall be, upon written request, promptly returned to the Producing Party, or destroyed, at that Party's option. If the claim is disputed, a single copy of the materials may be retained by the Requesting Party for the exclusive purpose of seeking judicial determination of the matter pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

12. <u>MISCELLANOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

person to seek its modification by the court in the future.

    12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3 <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with L.R. 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to L.R. 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to L.R. 79-5.1 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

    12.4 <u>Effect of compliance</u>. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall (a) operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, confidential or (b) prejudice in any way the right of any Party or Non-Party to seek a Court determination of whether it should not remain confidential and subject to the terms of this Protective Order. Any party to this Stipulated Protective Order may request that this Court grant relief from any provision of this Protective Order as to specific documents, pursuant to those procedures set forth in the Central District Local Rules and Federal Rules of Civil Procedure.

12.5 <u>Notice</u>.  All notices required by this Protective Order are to be served via email to the appropriate attorney(s) at each Party's firm.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Designating Party.

12.6 <u>Amendments and exceptions</u>.  This Stipulated Protective Order may be amended only by a written agreement signed by all Parties **and approved by the Court (FFM)** or by an order of the Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.  No modification by the parties shall have the force or effect of a Court order unless the Court approves that modification.

12.7 <u>Binding Upon Execution</u>.  The Parties agree that this Stipulated Protective Order shall be binding as an agreement between the Parties upon execution by the Parties before entry by the Court, and that each Party shall consider itself bound this Stipulated Protective Order while awaiting the signature of its counterparties.  The Parties further agree that if for any reason this Stipulated Protective Order is not accepted by the Court, they will promptly execute and submit a revised Stipulated Protective Order that addresses the Court's concerns.

13. <u>FINAL DISPOSITION</u>.  Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,

1  summaries or any other format reproducing or capturing any of the Protected
2  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival
3  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
4  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
5  work product, and consultant and expert work product, even if such materials
6  contain Protected Material.  Any such archival copies that contain or constitute
7  Protected Material remain subject to this Protective Order as set forth in Section 4
8  (DURATION).

10  IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

12  PURSUANT TO STIPULATION, IT IS SO ORDERED.

14  DATED: March 27, 2014

         /S/ FREDERICK F. MUMM
         United States Magistrate Judge

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

# EXHIBIT A

## NON-DISCLOSURE CERTIFICATE

I,_____, declare under penalty of perjury that my address is _____.

I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ , 2014, in the case of *Feld. v. Westminster Music LTD, et al.*, Case No. 13-04946-FMO (FFMx).

I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I will hold all Confidential Information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Protective order, and will use the Confidential Information solely for purposes of this litigation, except as provided by the Protective Order.

At the conclusion of this litigation, I will return or destroy all Confidential Information and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or to anyone else, to counsel for the party by whom I am employed or retained.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

//

//

1    I hereby swear and affirm under the penalties of perjury that the foregoing is
2  true and correct.
3
4  Date: _____
5  City and State where sworn and signed: _____
6  Printed name: _____
7  Signature: _____

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

16
STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS
75448696.4